# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Plaintiff,                                  Case No.: 8:19-cv-1499-TPB-CPT

v.

BRITTON C. GUYER, as Personal
Representative of the Estate of James
Guyer, ROBERT M. GUYER, and
JUDITH ROBINSON,

    Defendants.
_____/

## **VERDICT FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter is before the Court following a bench trial held on January 19, 2021. The parties filed their proposed findings of fact and conclusions of law. (Docs. 68; 69). Having considered the evidence and applicable law, the Court grants judgment in favor of Defendant Judith Robinson and against Defendants Britton C. Guyer and Robert M. Guyer.

## **Background**

This cases centers on who is entitled to death benefits under a life insurance policy insuring the life of James Guyer, who passed away on January 18, 2018. By all accounts James Guyer, a third-generation graduate of the United States Military Academy at West Point, was a colorful and extraordinary person in multiple ways. To name just one – he began the hobby of sky diving in his 70's. James Guyer initially designated his grandson, Robert M. Guyer, as his beneficiary.

However, he later changed his beneficiary to Judith Robinson, a friend that was not known to his family. Judith Robinson, as the designated primary beneficiary, made a claim with Unum Life Insurance Company of America for the death benefits under the policy. Britton C. Guyer, who had been assigned Robert M. Guyer's potential claim to the death benefits, advised Unum that Judith Robinson should not be entitled to the death benefits, alleging that her beneficiary designation was procured through undue influence.

To resolve the dispute over the life insurance policy, Unum initiated this interpleader action on June 20, 2019. (Doc. 1). Unum was later dismissed from the action after depositing the death benefits with the Court registry. (Doc. 28). The parties filed crossclaims asserting their entitlement to the death benefits (Docs. 32; 34), along with answers to the crossclaims (Docs. 36; 43). The case proceeded to a non-jury trial on January 19, 2021. (Doc. 66). The parties have now submitted their proposed findings of fact and conclusions of law. (Docs. 68; 69).

## Findings of Fact

On or about June 1, 2013, Unum issued group life insurance policy number 605948 001 to MillerCoors, LLC, providing life insurance coverage to eligible employees of MillerCoors. James Guyer was an eligible employee of MillerCoors and was enrolled in basic life insurance coverage under the Policy. On March 13, 2014, James Guyer designated Robert Guyer, his grandson, as the beneficiary of the death benefits under his Policy. On February 8, 2016, James Guyer changed his beneficiary designation under the Policy and designated Judith Robinson as the

100% primary beneficiary of the death benefits.  James Guyer died on January 18, 2018, and the death benefits under the policy became payable.

Judith Robinson, as the designated primary beneficiary, made a claim with Unum for the death benefits under the policy.  Robert Guyer assigned any potential claim he had to the death benefits under the Policy to Britton C. Guyer, as personal representative of the Estate of James Guyer ("Britton").  Britton advised Unum that Judith Robinson should not be entitled to the death benefits, alleging that her beneficiary designation was procured through undue influence.

Unum filed this interpleader action to resolve the dispute over the death benefits.  Judith Robinson filed a crossclaim seeking entitlement to the death benefits as the designated 100% beneficiary by James Guyer.  Britton filed a crossclaim asserting that the beneficiary designation naming Judith Robinson as primary beneficiary was procured through undue influence.

Britton, James' youngest son, presented evidence showing that James Guyer suffered grievous injuries in a BASE[1] jumping accident in Utah in roughly 2003, including a significant traumatic brain injury to his left frontal lobe and a personality change that included various examples of impulsive behavior.  However, he did not present evidence showing that James Guyer's free will was overcome concerning the beneficiary designation.

The evidence is sufficient to establish that James Guyer and Judith Robinson had a close relationship.  However, there is no evidence that Judith Robinson

---

[1] BASE jumping is a recreational sport of jumping from fixed objects.  "BASE" stands for the four categories of fixed objects – building, antenna, span, and earth.

actively procured the change of the beneficiary designation form naming her as primary beneficiary.  Similarly, there was no evidence that Judith Robinson did anything to force or coerce James Guyer to name her as a beneficiary on his life insurance policy.  Nor was there evidence presented that Judith Robinson pressured or tricked James Guyer to name her as a beneficiary on his life insurance policy.  While the change in beneficiaries for the benefit of Judith Robinson seems suspicious and does not necessarily make sense, there is insufficient evidence to establish that James Guyer was unduly influenced to change the beneficiary designation form naming Judith Robinson as primary beneficiary of his death benefits under the Policy.

## Conclusions of Law

"A beneficiary designation may . . . be invalidated if it was the product of undue influence." *Metropolitan Life Ins. Co. v. Washington*, No. 8:14-cv-886-T-24TBM, 2015 WL 5125205, at *3 (M.D. Fla. Aug. 31, 2015).  Undue influence that justifies the setting aside of a will, deed, or other contract "must amount to 'over persuasion, duress, force, coercion, or artful or fraudulent contrivances to such an extent that there is a destruction of free agency and will power of the [decedent].'" *Mulvey v. Stephens*, 250 So. 3d 106, 110 (Fla. 4th DCA 2018) (quoting *Henry v. Jones*, 202 So. 3d 129, 133 (Fla. 2d DCA 2016).  Due to the difficulty in obtaining direct evidence of undue influence, a presumption of undue influence arises when a beneficiary (1) had a confidential relationship with the decedent, and (2) actively procured the bequest.  *See In re Estate of Carpenter*, 253 So. 2d 697, 702 (Fla. 1971).

In the context of wills, which can be extrapolated to life insurance beneficiary designations, the Florida Supreme Court has identified several factors as "warning signals pointing to active procurement," including:

> (1) the presence of the beneficiary at execution of the will; (2) the presence of the beneficiary on those occasions when the testator expressed a desire to make a will; (3) a recommendation by the beneficiary of an attorney to draw the will; (4) knowledge of the contents of the will by the beneficiary prior to execution; (5) giving of instruction on preparation of the will by the beneficiary to the attorney drawing the will; (6) securing of witnesses to the will by the beneficiary; and (7) safekeeping of the will by the beneficiary subsequent to execution.

*Metropolitan Life Ins. Co.*, 2015 WL 5125205, at *3 (citing *In re Estate of Carpenter*, 253 So. 2d at 702).

The Court begins with the presumption that the most recent designation is valid. The burden is therefore on those contesting the designation – here, Britton Guyer – to show that the designation is not valid.

The evidence shows that there was a confidential relationship between James Guyer and Judith Robinson. However, Britton has failed to establish undue influence. There is certainly some circumstantial evidence to show influence, including James Guyer's traumatic brain injury, his behavior changes, the secrecy of the relationship between James Guyer and Judith Robinson, and Judith Robinson's financial circumstances. It seems to the Court that Judith Robinson may very well have had *some* influence on the beneficiary designation change. And perhaps she did persuade him to disinherit his grandson and leave the death benefits to her. However, the question remains whether there is actual *proof* that

she exercised undue influence over James Guyer – that is, influence that dethroned his free agency and willpower.

There is no evidence that Judith Robinson was active in the procurement of the beneficiary designation change in any way whatsoever.[2] As such, a presumption of undue influence cannot arise. More importantly, there is no evidence of undue influence that would show that James Guyer had been precluded from freely exercising his will to designate his intended beneficiaries under his life insurance policy. Consequently, his wishes must be respected. Judith Robinson is entitled to the death benefits under the Policy as a matter of law because she was designated by James Guyer as the 100% primary beneficiary of the death benefits on February 8, 2016, which designation remained in force at the time of James Guyer's death on January 18, 2018, at the age of 91 years old.

Under the facts presented here, it is understandable why James Guyer's family has challenged Judith Robinson's claim to the life insurance proceeds. It is certainly *possible* that Judith Robinson took advantage of James Guyer in some way. On the other hand, it is also *possible* that James Guyer, who was prone to various eccentricities,[3] made a knowing and voluntary decision to change the beneficiary of his life insurance policy and did not want to tell his grandson for fear of hurting his feelings. Unfortunately, we will never know exactly what happened.

---

[2] As examples, there is no evidence that Judith Robinson filled out the beneficiary designation form, obtained witnesses, had knowledge of the designation before it was changed, or gave any instruction as to the beneficiary designation change.
[3] For instance, James Guyer moved seven times in a relatively short period of time.

At the end of the day, courts are required to base their decisions on evidence and proof, not possibilities and speculation.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Clerk is directed to enter judgment in favor of Defendant Judith Robinson and against Defendants Britton C. Guyer, as personal representative of the estate of James Guyer, and Robert M. Guyer.

(2) The Clerk shall promptly distribute the total amount of funds deposited by Unum in the Court registry in connection with this interpleader action by check, payable as follows:

   a. $54,625 payable to Legacy Protection Lawyers, LLP, sent to Legacy Lawyers, LLP, Attn: Joseph W. Fleece, III, 100 2nd Avenue South, Suite 900, St. Petersburg, FL 33701.

(3) After the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 28th day of January, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**